IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| **JEROME BARROW**, | ) | Civil Action Number: |
| 3704 Strathavon Road | | |
| Shaker Heights, OH 44120 | ) | |
| | ) | |
| Plaintiff, | | |
| | ) | |
| **-vs-** | ) | |
| | ) | |
| | | **C O M P L A I N T** |
| **CITY OF CLEVELAND, OHIO** | ) | |
| 601 Lakeside Avenue | | |
| Cleveland, OH 44114 | ) | **Trial by Jury Endorsed Hereon** |
| | ) | |
| and | ) | |
| | ) | |
| **PATRICK STEPHENS**,  individually | ) | |
| and in his official capacity as then-Second | | |
| District Commander, Department of | ) | |
| Public Safety,  Cleveland Division of | | |
| Police | ) | |
| 10600 Chester Avenue | | |
| Cleveland, OH 44106 | ) | |
| | ) | |
| and | ) | |
| | ) | |

**MARTIN FLASK**,  individually and in
his official capacity as Assistant Safety                )
Director, Department of Public Safety
601 Lakeside Avenue                                       )
Cleveland, OH 44114
                                                          )

                                                          )

                         and                              )

                                                          )

**MICHAEL   McGRATH**,   individually  )
and in his official capacity as Safety
Director, Department of Public Safety     )
601 Lakeside Avenue
Cleveland, OH 44114                       )

                                          )

_____ Defendants.     )

## I. INTRODUCTION

1.  This action is initiated by a Cleveland  police lieutenant with nearly thirty six
    years experience as an officer and manager who has been denied promotion to
    captain in retaliation for the exercise of free speech rights insured under the
    Constitution  of  the  United  States,  in  retaliation  for  engaging  in  a
    constitutionally protected activity and arising out of a history and existence of
    racial discrimination by the defendants in the failure and refusal to promote an
    otherwise qualified African-American officer to the rank of captain.

2. This action asserts that the failure and refusal to promote the plaintiff to captain is part of a pattern and practice of governmental racial disparity which continues to exist within the police department of the City of Cleveland, Ohio and which seeks, *inter alia*, to enjoin future discrimination and retaliation.

## II. <u>PARTIES</u>

3. Plaintiff JEROME BARROW is an African-American police officer and presently a lieutenant in the City of Cleveland Department of Public Safety's Division of Police who has served nearly thirty six years, one of few African American police officers who has been regularly promoted based on merit.

4. Defendant CITY OF CLEVELAND, OHIO is a municipal corporation established pursuant to the laws of the State of Ohio and has maintained at all relevant times a police department obligated to insure the protection of rights guaranteed under the Constitution of the United States and the United States Code.

5. Defendant PATRICK STEPHENS has at all relevant times been a district commander and the superior officer of the plaintiff. Among the duties of Defendant Stephens has been to implement and not to interfere with policies, practices, acts and conduct relative to the promotion of the plaintiff, is obligated in his official capacity under state and federal law to insure that all police officers are treated equally and fairly and is responsible for policies, practices, acts and conduct which seek to promote to higher ranks within the

Division of Police African-American officers who have historically been underrepresented because of race and who have been subjected to overt and subtle discrimination within the Division of Police based on race prohibited by the Constitution of the United States, the United States Code and prior Orders of the United States District Court for the Northern District of Ohio.

6. Defendant MARTIN FLASK has been at all relevant times been a Director of Safety and Assistant Direct of Safety, an official superior to the plaintiff who plays a role and had played a role in addressing minority underrepresentation and racial discrimination, *inter alia*, which have limited higher level promotions of African-American police officers based on merit within the Division of Police. Among the duties of Defendant Flask has been to promulgate, implement and not interfere with policies, practices, acts and conduct relative to the promotion of the plaintiff, is obligated in his official capacity under state and federal law to insure that all police officers are treated equally and fairly and is responsible for policies, practices, acts and conduct which seek to promote to higher ranks within the Division of Police African-American officers who have historically been underrepresented because of race and who have been subjected to overt and subtle discrimination within the Division of Police based on race prohibited by the Constitution of the United States, the United States Code and prior Orders of the United States District Court for the Northern District of Ohio.

7. Defendant  MICHAEL McGRATH has at all relevant times been Director of
   Safety and former Chief of Police, an official superior to the plaintiff who plays
   and has played a role in minority underrepresentation and racial discrimination,
   *inter alia*, which have limited higher level promotions of African-American
   police officers based on merit within the Division of Police.  Among the duties
   of Defendant McGrath has been to promulgate, implement and not interfere
   with policies, practices, acts and conduct relative to the promotion of the
   plaintiff, is obligated in his official capacity under state and federal law to insure
   that all police officers are treated equally and fairly and is responsible for
   policies, practices, acts and conduct which seek to promote to higher ranks
   within the Division of Police African-American officers who have historically
   been underrepresented because of race and who have been subjected to overt
   and subtle discrimination within the Division of Police based on race
   prohibited by the Constitution of the United States, the United States Code and
   prior Orders of the United States District Court for the Northern District of
   Ohio.

## JURISDICTION AND CLAIMS

8. Jurisdiction of this action is conferred pursuant to 28 U.S.C. §1331  and §§
   1343 (3) and (4) for claims arising out of deprivation under color of state law of
   for violation of rights secured by the First Amendment to the Constitution of
   the United States, for violation of rights secured by both the due process and

equal protection clauses of the Fourteenth Amendment to the Constitution of the United States, pursuant to acts of Congress providing for equal rights of citizens, under the Civil Rights Act of 1870, as amended, 42 U.S.C. §1981, the Civil Rights Act of 1871, 42 U.S.C. 42 U.S.C. §1983, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f), and in accordance with a Notice of Suit Rights as required under Title VII which is appended to this complaint, incorporated by reference and identified as Exhibit A, under the Ohio Civil Rights Act, Ohio Revised Code §§4112.01, *et seq*., as amended, and, pursuant to 28 U.S.C. §1367, jurisdiction is conferred for claims arising under state law.

9.  Plaintiff and defendants are citizens of the State of Ohio and venue exists within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division because all parties are located within Cuyahoga County, Ohio and because all claims arise within Cuyahoga County, Ohio.

## FACTS

10.  Plaintiff reasserts the foregoing procedural and related allegations and incorporates them by reference as if fully set forth herein in order to avoid repetition.

11. African Americans in Cleveland, Ohio have historically been restricted in employment opportunities within the city's division of police.

12. Those restrictions have violated both the Constitution of the United States and the laws of the United States.

13. Solely because of a series of orders entered by the United States District Court for the Northern District of Ohio over decades, employment opportunities have been expanded for African-American candidates for positions within the city's division of police.

14. Since October 26, 1979 Plaintiff Jerome Barrow has been employed by the City of Cleveland as a police officer having graduated from the police academy in February, 1980.

15. Faced with racial disparity and antagonism within the division of police, Plaintiff Jerome Barrow, defendant City of Cleveland assigned Barrow to the second district on the racially segregated west side of Cleveland without a complete police uniform where he was subjected to racial taunts by residents and co-workers.

16. While on duty, Plaintiff Barrow's supervisor would not uncommonly reference racial epithets which the plaintiff was required to endure.

17. Racially derogatory terms were used by co-workers within the second district and racially offensive materials were posted in the locker room.

18. Thereafter assigned to the fourth district and engaging in undercover work, criminals learned where plaintiff, his family and his mother resided and attempted to burn down his home.

19. With no assistance from the defendants, plaintiff exercised his right of free expression by petitioning his government, Cleveland City Council, because he had been a "walking target" as a minority officer without any help from his supervisors in fighting a drug war without protection for home, property and family.

20. The failure of defendant City of Cleveland to protect the plaintiff forced him to move his family out of the city.

21. As a result to the threat to his life and the lives of his family and his efforts to get protection, defendant punished him in retaliation.

22. Because of his work and written testing, plaintiff was promoted to sergeant.

23. The promotional examination for sergeant was written, but when African-American candidates such as the plaintiff were successful, defendant City of Cleveland added a subjective oral examination used to limited minority advancement within the division of police.

24. Plaintiff faced the added subjective oral examination in seeking promotion to lieutenant.

25. Despite the added subjective oral examination, plaintiff was ultimately successful.

26. Because of his work and written examination and despite the subjective oral examination, plaintiff was promoted to lieutenant.

27. While plaintiff was successful in the written portion of the promotional examination, he objected to the use of the oral subjective portion of the test which he believed limited promotional opportunities for minorities.

28. Plaintiff was very clear in his written objections that the use of subjective oral testing after passing the written examination "permeated" promotional opportunities as a means to entrench "institutional racism."

29. After a variety of orders entered by the United States District Court for the Northern District of Ohio, defendant City of Cleveland skipped merit promotions by assigning an African-American sergeant to chief of police.

30. While defendants Stephens, Flask and McGrath were instrumental in skipping normal promotions to make an African-American sergeant chief of police, obstacles for merit promotion continued to be entrenched within the division of police which adversely affected Plaintiff Jerome Barrow.

31. While appointments such as the African-American sergeant becoming chief of police remain discretionary and have no correlation to rank, merit promotions for African-American officers have been and continue to be difficult to obtain.

32. Plaintiff Jerome Barrow, as a lieutenant, sought promotion strictly on merit and, after successful testing resulting in his promotions to sergeant and lieutenant, passed the written examination for captain.

33. Representation of African-American police officers within the division of police at the rank of captain in the City of Cleveland is extremely limited.

34. With plaintiff's success on the written examination, Plaintiff was fearful he would encounter the same subjective evaluation he faced in his lieutenant testing on oral examinations.

35. Despite passing the written examination, as a result of the subjective oral and so-called in-basket test, plaintiff a failing grade of 68.9 out of a passing score of 70, a seemingly impossible reduction, given roughly thirty years of knowledge, experience and written examination success.

36. Lesser qualified white candidates were ranked higher on oral and in-basket examinations, facilitating promotional opportunities.

37. On or about July 23, 2011, Plaintiff was denied promotion to captain.

38. On April 11, 2012, Plaintiff filed charges with the United States Equal Employment Opportunity Commission, a federally protected statutory right.

39. Defendant City of Cleveland has disingenuously refused to release test score numbers for oral and in-basket testing as "proprietary," so plaintiff and other African-American candidates cannot compare oral and in-basket test scoring.

40. On August 30, 3013, plaintiff again petitioned his government as protected by the First Amendment, reaffirming, as a highly experienced police officer, that the City of Cleveland's division of police has continued to disregard the

Constitution, increasing "an us vs. them mentality and a thickening of the 'thin blue line.'"

41. Plaintiff letter to Mayor Frank Jackson explained that Cleveland's police did not "reflect the racial makeup of the city."

42. He explained, as a "brother in the struggle," that "the inevitable police-citizen confrontations will be a have likelihood of escalating" and that '[t]he winds of change are gathering strength and sweeping across our country."

43. As a result of plaintiff's exercise of expression concerning a public of public concern and the pending federal charges of racial discrimination and retaliation, defendants City of Cleveland, Flask, McGrath and Stephens changed police procedure for Plaintiff Barrow and others to require dual filing with the United States Equal Employment Opportunity Commission and defendants Flask and McGrath, an attempt to burden a statutory federal right created by Congress in order to restrict officers from filing at the commission.

44. In response to plaintiff's federal charges, defendants City of Cleveland, Flask, McGrath and Stephens removed overtime opportunities for the plaintiff, including several regular overtime assignments at the Feast of Assumption, removed his assigned work vehicle, and reassigned the plaintiff with an involuntary transfer to "A Platoon" which is uniform duty under the direction of defendant Stephens.

45. Moreover, instead of remaining undercover, defendants knew that uniform duty placed Plaintiff Barrow in physical jeopardy because he is known from hundreds of arrests he had made over thirty years.

46. Plaintiff filed federal retaliation charges relating to the refusal of the defendants to promote him to captain and the retaliatory actions arising out of the charge identified above.

47. Although Plaintiff was highly qualified and distinguished enough to be part of the January, 2013 detail at the Presidential Inauguration, in response to the pending discrimination and retaliation charges, defendants City of Cleveland, McGrath, Flask and Stephens decided to punish plaintiff for his constitutional exercise of expression and charges of discrimination and retaliation by ordering "you are not to have contact with the Public" an impossible restriction for a police officer.

48. The restriction, according to a police document, was "directed by downtown."

49. In 2013, defendant City of Cleveland referenced settlement of a matter which involved a force claim which included a number of officers which defendant City of Cleveland attempted to connection to his retaliation charge.

50. Defendant City of Cleveland knew that the failure to promote him and score him with a 68.9 from the 70 passing score had nothing to do with his expression, discrimination charge or his retaliation charge.

51. Defendant City of Cleveland, McGrath, Flask and Stephens knew that the case settlement had nothing to do with the retaliatory actions they took arising out of federal charges filed by the plaintiff.

52. The continued discrimination and retaliation have been intentional, malicious and in wanton and reckless disregard of the rights and feelings of the plaintiff.

53. As a result of the acts and conduct of the defendants, plaintiff has been denied promotional and professional opportunities afforded to officers who have not been engaged in protected activities.

54. As a result of the acts and conduct of the defendants, plaintiff has suffered substantial emotional, mental and physical distress.

55. As a result of the acts and conduct of the defendants, plaintiff has suffered diminution in quality and joy and life and other hedonic losses.

WHEREFORE, plaintiffs urge this court to grant the following relief:

(A) Declare that the acts and conduct of the defendants, jointly and severally, constitute violations of the First Amendment to the Constitution of the United States, denial of the right of due process and equal protection insured under the Fourteenth Amendment to the Constitution of the United States, violations of the Civil Rights Act of 1870, as amended, 42 U.S.C. §1981, the Civil Rights Act of 1871, 42 U.S.C. 42 U.S.C. §1983, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f), the Ohio Civil Rights Act, Ohio Revised Code §§4112.01, *et seq.* and pendent state law claims;

(B) Permanently enjoin the defendants, and each of them in their official capacity, from engaging in any future

act or conduct which has the purpose or effect of unlawful discrimination on the basis of race or retaliation for the advocacy and support of equal employment opportunities on account of race and retaliation.

(C)  Direct that the defendants, and each of them in their official capacity, undertake such affirmative steps necessary to correct the effect of a pattern and practice of racial discrimination in the promotion of   the plaintiff to captain including the establishment of uniform standards for recruitment, employment and promotion which modifies historically racial imbalance existing within the division of police;

(D)  Grant to plaintiff Jerome Barrow appropriate personal and institutional compensatory damages, jointly and severally, against defendants;

(E)  Grant to plaintiff Jerome Barrow appropriate punitive damages, jointly and severally, against all defendants except defendant City of Cleveland;

(F)  Grant to the plaintiff and against the defendants statutory reasonable attorney fees and costs as provided by law;

(G)  Grant any additional relief which the court deems just, equitable and in advance of the public interest.

s/Avery S. Friedman
AVERY S. FRIEDMAN (0006103)
Friedman & Associates
701 The City Club Building
850 Euclid Avenue
Cleveland, Ohio  44114-3358
P: (216) 621-9282
F: (216) 621-9283
avery@lawfriedman.com

Attorney for Plaintiff Jerome Barrow

## TRIAL BY JURY DEMANDED

Plaintiff demands trial by jury.

s/Avery S. Friedman
AVERY S. FRIEDMAN