IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DIVISION OF OHIO
EASTERN DISTRICT

| | | |
|---|---|---|
| JEROME BARROW, | ) | Case Number 1:16-cv-923 |
| Plaintiff, | ) | JUDGE DONALD NUGENT |
| | ) | **PLAINTIFF'S MOTION, MEMORANDUM AND EXHIBITS TO RECOVER COSTS UNDER 28 U.S.C. §1920 AND RULE 54(D)(1)-(2) AND FOR A REASONABLE ATTORNEY FEE UNDER 42 U.S.C. § 2000e-5(k)** |
| -vs- | ) | |
| | ) | |
| CITY OF CLEVELAND, et al., | ) | |
| Defendants. | ) | |

Jerome Barrow, a plaintiff, who prevailed in a Title VII jury action on February 2, 2018 which was entered as a judgment on February 7, 2018 seeks recovery of his costs and a reasonable attorney fee.

Mr. Barrow's motion is made for good cause, is timely and for the reasons set forth in the accompanying memorandum and exhibits.

### I. **TITLE VII PROVIDES FOR THE RECOVERY OF A REASONABLE ATTORNEY FEE IF A PLAINTIFF PREVAILS**

Congress enacted Title VII of the 1964 Civil Rights Act to eliminate, *inter alia*, employment retaliation. Effective enforcement of the Act depends heavily upon private plaintiffs. Recognizing that governmental resources are inadequate for

1 | P a g e

effective public enforcement, S. Rep. No. 1011, 94th Cong., 2d Sess. 6 (1976), Congress provided an incentive for private enforcement. 42 U.S.C. §2000e-5(k). A provision of the Act allows federal courts to award a reasonable attorney fee to the prevailing party in a Title VII action. *Id.*

## II. THE TIME DEVOTED ON BEHALF OF THE PREVAILING PLAINTIFF IS REASONABLE

For nearly two years counsel for the plaintiff developed the case efficiently for trial, devoting 19.75 hours in 2016, 19.25 hours in 2017 and 98.75[1] hours in 2018. While defendants had the benefit of at least 6 lawyers and professional staff over the term of this litigation who did a professional job in defending this matter, counsel handled this matter alone with only a paralegal and a technician.

### A. The Policy Behind Fee Provisions in Civil Rights Litigation including 42 U.S.C. §20003-5(k)

Congress sought to encourage the private bar to undertake federal civil rights cases. One dramatic expression of why this is reflective in the reality of handling federal civil rights cases:

> Lawyers must eat, so they generally won't take cases without a reasonable prospect of getting paid. Congress thus recognized that private enforcement of civil rights legislation relies on the availability of fee awards: 'If private citizens are to be able to assert their civil rights, and if those who violate the Nation's

---

[1] It is of no small significance that a demand of $50,000 made in the latter portion of the trial in order to settle the case was rejected by the City of Cleveland. Not only was the demand fair and reasonable. It was roughly $10,000 less than the jury verdict and would have ended the litigation without any entitlement of costs and fees to the prevailing plaintiff. Of course "a defendant may litigate the case vigorously, as indeed should be done, further increasing the number of hours required to prosecute the case successfully." *Burston* v. *Com. of Va.*, 595 F. Supp. 644, 653 (E.D.Va. 1984).

> fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it cost them to vindicate these rights in court.' 534 F. 3d at 1111 (*quoting* S. Rep. No. 94-1011, at 2 (1976), as reprinted in 1976 U.S.C.C.A.N. 3908, 5910).

*Moreno* v. *City of Sacramento*, 534 F. 3d 1106 (9th Cir. 2008). Fee awards are "not designed to penalize defendants, but are rather to encourage injured individuals to seek judicial relief. [F]ee awards should be the rule rather than the exception." *Teitelbaum* v. *Sorenson*, 648 F. 2d 1248, 1251 (9th Cir. 1981).

Here Mr. Barrow is not seeking an enhancer, but simply straight time, the lodestar, for work done because Congress "determined that it would be necessary to compensate lawyers for all time reasonably expended on a case." *Riverside* v. *Rivera*, 477 U.S. 561, 578 (1986). Without overstating the need to have lawyers take cases in recognizing that a likely verdict will not be substantial, lawyers who handle civil rights cases serve as "private attorneys general," vindicating a policy that Congress considered of the highest priority." *Newman* v. *Piggie Park Enterprises*, 390 U.S. 400, 402 (1968).

### B. The Breakdown of Hours is Reasonable

For 2015, after the complaint was filed, less than twenty hours were required for paper discovery and conferences. For 2016, additional paper discovery and being required to take the critical deposition of Commander Stephens in St. Augustine was also completed within twenty hours. That deposition became a critical element in the trial of the case.

Preparation for trial represents the bulk of time required. All time between January 4, 2018 through February 1, 2018 was intensive, required by the trial order and contributed to an efficient, smooth, especially the expedited introduction of roughly one hundred exhibits on behalf of the plaintiff.

The time demonstrates absolutely no duplicative work nor excessive, unreasonable expenditure of time.

In fact, of the 66 entries for time, counsel employed business judgment, part of an ethical responsibility, in 36% of the entries by entering "N/C."

The time and tasks are designated in the log and are fair, accurate and reasonable. The log accompanies this memorandum as Exhibit 1

### C. The Hourly Rate is Consistent With Prior Awards by This Court

This court has approved a reasonable hourly rate for federal civil rights work in this marketplace for work done in 2015 and 2016 at $750. *Lofton v. Hinton*, Civil Action No. 1:15 CV 486 (March 24, 2016). This court's opinion accompanies this memorandum as Exhibit 2.

In this case plaintiff seeks $750 as the hourly rate for less than twenty hours in 2016. For less than twenty hours in 2017, he seeks a 3% increase, $772.50. And for trial in 2018, he seeks a 3% increase, $795.68.

### D. The Prevailing Plaintiff Seeks Only the Lodestar

There is no fancy formula here. This case, though time-consuming as trial was required, simply seeks the lodestar. There is a "strong presumption" that the

lodestar "represents a 'reasonable' fee." *Pennsylvania* v. *Del. Valley Citizens' Council for Clean Air*," 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). Nor is there a need to provide an exhaustive examination of fee opinions. And, given the time, this court has observed the bulk of the time for which recovery of a reasonable fee is sought.

Finally, as counsel devoted time and effort in litigating and teaching civil rights[2], even a fee application can be expedited because of access and familiarity with case authority.

### III. COSTS ARE IDENTIFIED AND SUPPORTED WITH EVIDENCE

Accompanying this memorandum are documents which support Mr. Barrow's recovery of $4,266.15 in costs associated with this litigation. The primary costs are technical aid in readying this case and having technical assistance at trial which totaled $1,169.93. The second major cost of $1,266.14 relates to the need to fly to St. Augustine to take the Stephens deposition. Filing fees and deposition expenses make up most of the remaining balance. The receipt accompanying this memorandum collectively as Exhibit 4.

---

[2] As this court has previously determined the reasonable hourly rate in the marketplace, there is no need to provide exhaustive support to establish the rate. For purposes of the record only, however, in addition to having the *Lofton* opinion accompany this memorandum as part of the record, counsel also attaches a CV as Exhibit 3.

## IV. CONCLUSION

Plaintiff should be entitled to the recovery of a reasonable fee for legal services in 2016, 2017 and trial-related legal services in 2018. Each task is identified by description and the time assigned is accurate and reasonable.

s/Avery Friedman
AVERY S. FRIEDMAN (0006103)
Friedman & Associates
701 The City Club Building
850 Euclid Avenue
Cleveland, OH 44114-3358
(216) 621-9292
FAX 621-9283
avery@lawfriedman.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Avery S. Friedman, attorney for the plaintiff, hereby certify that a copy of the foregoing PLAINTIFF'S MOTION, MEMORANDUM AND EXHIBITS TO RECOVER COSTS UNDER 28 U.S.C. AND RULE 54(D)(1)-(2) AND FOR A REASONABLE FEE UNDER 42 U.S.C. §2000e-5(k) was served on counsel of record by electronic filing on this 14th day of February, 2018.

s/Avery Friedman
AVERY S. FRIEDMAN