IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME BARROW, | ) | CASE NO. 1:16 CV 923 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CITY OF CLEVELAND, | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

## Introduction

Before me by referral[1] in this matter of Jerome Barrow's action against the City of Cleveland, et al.,[2] is Barrow's motion for attorneys fees and costs as the prevailing party[3] following a jury verdict in his favor on a claim of retaliation.[4] Defendants Michael Joseph Pike, Martin Flask, Michael McGrath, and Patrick Stephens have themselves filed a motion for attorneys fees.[5] Defendant City of Cleveland has opposed Barrow's motion by also seeking to recover attorneys fees.[6]

---

[1] ECF # 83.

[2] ECF # 1.

[3] ECF # 69.

[4] ECF # 64.

[5] ECF # 72.

[6] ECF # 74.  The City, citing similar grounds, has also moved for judgment as a matter of law as to the claims adjudicated by the jury, to amend the verdict, stay execution and/or for a new trial. ECF # 75. That motion is not part of this referral.

Barrow, for his part, has in a single filing responded to both the motion by the named individual defendants and by the City for attorneys fees.[7]  The named individual defendants[8] and the City[9] have replied to that response.  After being given leave to do so, Barrow filed a sur-reply.[10]

For the reasons that follow, it is recommended the court grant Barrow's motion for attorneys fees and costs and deny the motions by the City and the individual named defendants.

## Facts

The facts relevant to the present motion are neither extensive nor complex.

As detailed by the City, Barrow brought multiple state and Federal claims against the City as well as the individual named defendants.[11]  Despite efforts by the defendants to narrow the issues prior to trial, which included an attempt at a pre-trial conference to have the Court dismiss discrimination claims and also the individual defendants,[12] the matter proceeded to trial on all counts against all defendants.[13]

The defendants' assertion that a significant number of claims could not be supported at trial was again raised at a hearing the morning of trial, and those issues are the subject of several lengthy

---

[7] ECF # 78.

[8] ECF # 80.

[9] ECF # 79.

[10] ECF # 81.

[11] ECF # 72 at 3-4.

[12] *Id.* at 5 (citing record).

[13] *Id*. (citing record).

colloquies on the record.[14]  In addition, the defendants also filed a motion in limine to exclude "irrelevant" "time-barred" evidence and testimony.[15]

That said, trial commenced before a jury. After proceeding for two days, but before the case was submitted to the jury, the court granted the defendants' Rule 50 motion for judgment as a matter of law as to punitive damages; all claims against defendants Flask, McGrath, and Stephens; and the claims of discrimination.  This left only the claim of retaliation against the City.[16]  Additional motions under Rule 50 as to the retaliation claim were made during the trial and at the end of the defendants' case, the Court reserving its ruling as to such motions.[17]  The jury awarded Barrow judgment against the City on a single retaliation claim in the amount of $55,900.[18]

Barrow now seeks to recover $107,569.53 in attorneys fees, representing 19.75 hours of time in 2016 billed at $750.00 per hour; 19.25 hours in 2017 billed at $772.50 per hour; and 98.75 hours in 2018 billed at $795.68 per hour.[19]  In addition, he seeks $4,266.15 in costs.[20]

---

[14] *Id*. at 6-11 (quoting and citing record).

[15] ECF # 44.

[16] ECF # 59 (trial transcript for 1/30/18).

[17] ECF ## 59, 60 (trial transcripts for 1/30/18, 1/31/18).

[18] ECF # 63 (judgment entry).

[19] ECF #69, Ex. 1 at 4.

[20] *Id*.

The defendants seek to recover $143,000.00 in attorneys fees, which represents 419.5 hours expended by three senior attorneys at $300 per hour, and 113 hours of time at $150 per hour by a less experienced attorney.[21]  Further, the defendants seek $6,372.06 in itemized costs.[22]

## Analysis

### A.    Standard of Review

As the Sixth Circuit has stated:

> The starting point for determining the amount of a reasonable attorney fee is the "lodestar" amount, which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *552 Hensley, 461 U.S. at 433, 103 S.Ct. 1933. Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the lodestar is presumed to be the reasonable fee to which counsel is entitled. *Pennsylvania v. Del. Valley Citizens Council for Clean Air*, 478 U.S. 546, 564, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). An award based on the total number of hours reasonably expended on the litigation might, however, result in an excessive amount if the claimant has achieved only partial success. *Hensley*, 461 U.S. at 435, 103 S. Ct. 1933. In such cases, we must address two issues: (1) whether the claims on which the plaintiff failed to prevail were or were not related to the claims on which he or she succeeded, and (2) whether the plaintiff achieved a sufficient degree of success to render the hours reasonably expended a satisfactory basis for awarding attorney fees. *Id.* at 434, 103 S. Ct. 1933.
>
> Work on an unsuccessful claim cannot be considered to have been "expended in pursuit of the ultimate result achieved" where the plaintiff has presented distinctly different claims for relief based on different facts and legal theories. *Id.* at 435, 103 S. Ct.

---

[21] ECF # 72 at 16.

[22] *Id.* at 17.

1933. But where the plaintiff's claims for relief involve common facts or related legal theories, such that much of counsel's time will have been devoted generally to the litigation as a whole, the court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435, 103 S. Ct. 1933.

The party applying for an award of fees should "exercise 'billing judgment' with respect to hours worked." *Id.* at 437, 103 S. Ct. 1933. Attorneys who seek fees have an obligation "to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended" on the case. *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598, 121 S. Ct. 1835, 149 L .Ed. 2d 855 (2001). We have explained that "[in] obtaining the number of hours expended on the case, the district court must conclude that the party seeking the award has sufficiently documented its claim." *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984).[23]

## B.    Application of Standard

Notably, the defendants have not challenged the hours claimed by Barrow, nor the hourly rate associated with those hours.  Rather, they assert that a significant portion of those hours were spent pursuing claims that were frivolous, in that they were dismissed as a matter of law before being submitted to the jury.  Specifically, the defendants claim that they "needlessly incurred" attorneys fees and costs by "being forced to try a case and defend multiple claims against multiple parties that had no evidentiary support whatsoever and which [Barrow] continued to pursue through trial despite repeated attempts by Defendants to remove several claims and parties from the suit."[24]

---

[23] *Imwalle v. Reliance Med. Products, Inc.*, 515 F.3d 531, 551–52 (6th Cir. 2008)

[24] *Id*. at 3.

To that end, the defendants state that the trial judge found that there was insufficient evidence produced either before or during trial to support clams against the named individual defendants and in support of Section 1981 claims.[25]  Moreover, they point to the finding of the trial judge that the claims purportedly arising under Section 1983 were time-barred as a matter of law.[26] Further, they observe that the trial judge found that qualified immunity applied to the named defendants and that the evidence at trial was insufficient as a matter of law to show that any of the named defendants had engaged in any kind of retaliation.[27]

In response, Barrow contends that although the trial court rejected his continuing violation theory, thereby prohibiting evidence of discrimination prior to the two-year statutory period, he nevertheless prevailed to a jury on his claim of retaliation for filing an EEOC complaint.[28]  He argues that this finding of retaliation for complaining of racism indicates that his discrimination and retaliation claims were interrelated.[29]  Indeed, he maintains that "the evidence of discrimination and retaliation were inextricably related," and that although the individual named defendants were not shown to have personally engaged in any retaliation, "the chain of command" in the Division of Police "was evident to all in the courtroom" who understood that "Commander Stephens could not have imposed the series of retaliatory actions against Mr. Barrow on his own."[30]

---

[25] *Id*. at 14.

[26] *Id*.

[27] *Id*. (quoting transcript).

[28] ECF # 81 at 4-6.

[29] *Id*. at 5.

[30] *Id.* at 7.

Barrow also contends that if the defendants were convinced before trial that his other claims were frivolous, they failed to act on that belief by filing any dispositive motions.[31] He also notes that his demand during trial to settle the case for $50,000 was rejected, and that settlement on such terms would have precluded expenditure of additional trial expense and "ended the litigation without any entitlement to fees and costs" by Barrow.[32]

## 1. *Barrow costs*

Again, Barrow has submitted documentation showing that $4,266.15 was expended in connection with this case.[33] Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." As the Sixth Circuit has stated, "[t]his language creates a presumption in favor of awarding costs, but allows the denial of costs at the discretion of the trial court."[34]

Here, the individual items making up the claimed costs are listed and their purpose stated. The two most significant items relate to travel expenses concerning an out-of-town deposition and technical assistance during the trial. It is recommended finding that the claimed costs are reasonable and appropriate in the context of this matter.  Further, the defendants have not raised any objections to the individual items, nor raised any grounds such as would overcome the presumption in favor of awarding these fees and costs to Barrow.

Accordingly, it is recommended the court award Barrow $4,266.15 in listed fees and costs.

---

[31] *Id.* at 6.

[32] ECF # 69 at 2 n. 1.

[33] ECF # 69, Ex. 4.

[34] *Soberay Machine and Equipment Co. v. MRF Ltd., Inc.,* 181 F.3d 759, 770 (6th Cir. 1999).

2.      *Barrow attorneys fees*

Again, Avery Freidman, Barrow's attorney, has claimed hourly rates of $750 for less than 20 hours of work in 2016, $772.50 per hour for less than 20 hours of work in 2017, and for trial in 2018, he claims 98.75 hours at $795.68 per hour.  As attorney Friedman notes, 66 time entries were determined to be non-chargeable, a figure representing some 36% of the total time expended.[35] Further, he is claiming only one hour for preparing the fee application.[36]  Finally, there appears to be no clear occasions of duplicative, irrelevant, or unexplained time charges.

As to the claimed hourly rate, the defendants have not challenged the reasonableness of Friedman's claimed rates.[37]  Further, except for the costs of technical assistance at trial, discussed above, Friedman's fee application does not include any claims for the time of associate attorneys, paralegals, or other legal support staff.  Moreover, the claimed hourly rate itself has previously been acknowledged as reasonable by a recent decision of this Court.[38] Finally, the one hour spent in preparing the fee application falls well within the guidelines for approving such time within the context of a fee award following a trial set by the Sixth Circuit.[39]

3.      *Hours expended on unsuccessful claims*

---

[35] ECF # 69 at 4.

[36] *Id*.

[37] Indeed, the defendants have actually cited Friedman's claimed hourly rates as partial support for the reasonableness of their own claimed rates. *See* ECF # 72, at 15 n.11.

[38] *Lofton v. Hinton*, No. 1:15-cv-489, 2015 WL 4496214 (N.D. Ohio March 23, 2016).

[39] *Lavin v. Husted*, No. 1:10-cv-1986, 2015 WL 5124793, at * 3 (N.D. Ohio Aug. 31, 2015)(citation omitted).

That said, the issue of the reasonableness of the time expended has been challenged by the defendants, although, as noted above, that challenge is in the context of seeking their own award for fees incurred by defending against purportedly frivolous claims.[40] This approach is grounded on the statute providing for the award of fees to the prevailing party in certain civil rights actions.[41] As stated by the Supreme Court, in such cases where a plaintiff has raised both frivolous and non-frivolous claims, a court may award reasonable fees to the defendant, "but only for costs that the defendant would not have incurred but for the frivolous claims."[42] The Court held that the trial court has "wide discretion" in applying this standard, but made clear the court must employ the proper standard in arriving at its decision.[43]

That standard is different from the one employed to award fees to a prevailing plaintiff, reflecting "quite different equitable considerations at stake."[44] Whereas the award to a successful plaintiff is rooted in the concept that a successful civil rights plaintiff has served as a "private attorney general" in vindicating a policy Congress considered to be "of the highest priority,"an

---

[40] In that regard, the defendants have not sought a reduction in the fees claimed by Barrow on the grounds that Barrow was not the prevailing party, or that the relief obtained was not significant in relation to the hours reasonably expended on the litigation. *See Hensley v. Eckerhart,* 461 U.S. 424, 435 (1983). Their motion for fees subsumes the argument that fees should not be awarded to Barrow for the work done on claims "that bore no relation to the grant of relief."  *Fox v. Vice*, 563 U.S. 826, 834 (2011).

[41] *Fox,* 563 U.S. at 829.

[42] *Id*.

[43] *Id*.

[44] *Id*. at 833 (internal citation and quotation omitted).

award of fees to a defendant is intended to protect defendants from "burdensome litigation having no legal or factual basis."[45]

To those ends, a successful plaintiff is entitled to fees "for the time his attorney reasonably spent in achieving the favorable outcome, even if the plaintiff failed to prevail on every contention."[46]  Indeed, the mere presence of unsuccessful claims "does not immunize a defendant against paying for the attorney's fees that the plaintiff reasonably incurred in remedying a breach of his civil rights."[47]  But, the Court further stated, "[a]nalogous principles" require that a defendant be relieved from paying attorneys fees for "expenses attributable to frivolous charges,"even if not all the plaintiff's charges were frivolous.[48]

The major issue in most cases where defendant seeks fees, such as this one, will center on "work that helps defend against non-frivolous and frivolous claims alike - for example, a deposition eliciting facts relevant to both allegations."[49]  The Supreme Court stated that the relevant statute permits a defendant to recover fees "incurred because of, but only because of, a frivolous claim."[50]  Thus, the Court held that the statute permits "the defendant to receive only the portion of his fees

---

[45] *Id.* (internal citations omitted).

[46] *Id.* at 834 (internal citation and quotation omitted).

[47] *Id.*

[48] *Id.*

[49] *Id.* at 835.

[50] *Id.* at 836.

-10-

that he would not have paid but for the frivolous claim."[51]  In all cases, the relevant inquiry is "whether the costs would have been incurred in the absence of the frivolous allegation."[52]

The Supreme Court emphasized that while a defendant seeking fees in this way bears the burden of establishing his entitlement to those fees, the trial court is not required to become a "green eyeshade accountant"; rather, the court seeks to do "rough justice, not to achieve auditing perfection."[53]

Here, although the defendants spend considerable effort seeking to cast the claims that were dismissed from this action as "frivolous," resolving such a question does not help them as to the inquiry mandated by the Supreme Court's decision in *Fox v. Vice*.[54] As Judge Lioi observed in the analogous matter of *Braun v. Ultimate Jetcharters, Inc.,*[55] a defendant's claim for fees cannot succeed where the defendant "cannot demonstrate that any of the fees they incurred defending the present lawsuit would not have been paid but for the dismissed claims."[56] In that case, as here, evidence concerning discrimination and harassment had a bearing on the claim of retaliation.[57] As Judge Lioi stated, "[b]ecause all the claims share a common core of operative facts,

---

[51] *Id.*

[52] *Id.* at 838.

[53] *Id.*

[54] 563 U.S. at 833.

[55] No. 5:12-cv-1635, 2014 WL 546895 (N.D. Ohio Feb. 10, 2014).

[56] *Id.* at * 4.

[57] *Id.*

the vast majority of time spent defending the dismissed claims was indivisible from the time spent defending the one meritorious claim."[58]

In this case, there are strong reasons to credit the view that the dismissed charges were not frivolous, especially because the City never sought to remove those charges from the case prior to trial by dispositive motion.[59]  Equally true is the fact that a jury verdict for Barrow on his retaliation claim, which shared a common core of facts with the dismissed claims, tends to show that the dismissed claims were not frivolously brought or unreasonably maintained.[60]

More important, and consistent with the relevant standard outlined in *Fox*, I recommend finding that there is an interrelationship between the dismissed charges and the claim that resulted in a favorable finding by the jury. Further, and in that regard, the defendants have not shown an entitlement to that portion of their costs[61]clearly and solely attributable to even what they assert to be frivolous claims.

## Conclusion

Therefore, for the reasons stated, I recommend granting Barrow's motion to recover attorney's fees and listed costs, and denying the motions of the defendants.

---

[58] *Id.* (citation omitted).

[59] *See* ECF # 78 at 5; ECF # 81 at 6.

[60] *See Braun*, 2014 WL 546895, at * 3 (citation omitted).

[61] As Barrow points out, the attorneys for the defendants are salaried employees of the city and not private attorneys billing by the hour. ECF # 81 at 6.

Dated: June 1, 2018                    s/ William H. Baughman, Jr.
                                       United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[62]

---

[62] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).