# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JEROME BARROW, | CASE NUMBER 1: 16 CV 923 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | MEMORANDUM OPINION AND ORDER |
| CITY OF CLEVELAND, et al., | |
| Defendants. | |

This matter is before the Court on the Motion of Defendant City of Cleveland ("City") for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50((b), or in the alternative, to Amend the Jury Verdict, Stay Execution of Judgment, and For a New Trial pursuant to Fed. R. Civ. P. 59(a) and (e)[1]. (ECF #75)

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Jerome Barrow, who is African-American, filed this action while he was employed as a lieutenant in the City's Police Department.[2] He filed this action against the City of Cleveland; Patrick Stephens, a district commander with the Police Department and Plaintiff's superior officer; Martin Flask, the Director of Safety and Assistant Director of Safety with the City of Cleveland; and Michael McGrath, the Director of Safety and former Chief of Police in

---

[1] While the title of Defendant's Motion seeks in the alternative to Amend the Jury Verdict, Defendant's briefing makes clear that it is not seeking an amendment. The Defendant has sought a stay of execution of the Judgment, however that request is now moot as the Court denied that request on February 22, 2018. (See ECF #73)

[2] At the time of trial, Mr. Barrow had retired.

Cleveland. Plaintiff asserted claims under 42 U.S.C. § 1981 and § 1983, Title VII of the Civil Rights Act of 1964 and Ohio Revised Code §§ 4112.01, et seq. Specifically, Plaintiff alleged that he was subjected to racial discrimination and retaliation. On the first day of trial Plaintiff abandoned his claims of discrimination over the promotional exam and all claims pursuant to Sections 1981 and 1983. Trial proceeded on Plaintiff's claim of retaliation pursuant to Title VII and Ohio Rev. Code § 4112. At the close of Plaintiff's case the Court granted Defendants' Motion pursuant to Fed. R. Civ. P. 50 for judgment as a matter of law as to the claims against the individual Defendants Martin Flask, Michael McGrath and Patrick Stephens as well as to Plaintiff's claim for punitive damages. At the conclusion of the trial the jury answered three interrogatories in favor of Plaintiff, and returned a verdict in favor of Plaintiff on his retaliation claim against the City of Cleveland, awarding Plaintiff compensatory damages in the amount of $59,900.

## APPLICABLE LAW

Rule 50 of the Federal Rules of Civil Procedure authorizes a court to grant judgment as a matter of law when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). "The Court is not free to weigh the parties' evidence or to pass upon the credibility of witnesses. Nor may the Court substitute its own judgment for that of the jury . . . When the evidence would permit reasonable minds to differ on the issues decided, a motion for judgment as a matter of law must be denied. In short, every effort must be made to uphold the verdict if reasonably possible." *In re Scrap Metal Antitrust Litigation*, No. 1:02 CV 0844, 2006 U.S. Dist. LEXIS 75873, at *34-35 (N.D. Ohio Sept. 30, 2006)(internal citations

omitted).

Likewise, when reviewing a motion for a new trial brought pursuant to Fed. R. Civ. P. 59, a court "should indulge all presumptions in favor of the validity of the jury's verdict." *Brooks v. Toyotomi Co.*, 86 F.3d 582, 588 (6th Cir 1996)(quoting *Ragnar Benson, Inc. v. Kassab*, 325 F.2d 591, 594 (3rd Cir. 1963)). "A new trial should only be granted when the jury reaches a 'seriously erroneous result as evidenced by (1) the verdict being against the [clear] weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e. the proceedings being influenced by prejudice or bias.'" *Decker v. GE Healthcare Inc.*, 770 F.3d 378, 394-95 (6th Cir. 2014) (quoting *Cummins v. BIC USA, Inc.*, 727 F.3d 506, 509 (6th Cir. Ky. 2013)). "[N]ew trials are not to be granted on the grounds that the verdict was against the weight of the evidence 'unless that verdict was unreasonable.'" *Id.* (quoting *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 820-21 (6th Cir. 2000)). Further, absent proof of prejudice, procedural errors – such as a mistake regarding the admission or exclusion of evidence or an error made in instructing the jury – cannot be the basis for ordering a new trial. *See* Fed. R. Civ. P. 61; *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004)(citing *Erskine v. Consol. Rail Corp.*, 814 F.2d 266, 272 (6th Cir.1987)).

## DISCUSSION

### 1. The City's Motion for Judgment as a Matter of Law

The City argues that it is entitled to judgment as a matter of law on Plaintiff's retaliation claim. Specifically, the City contends that Plaintiff did not satisfy three of the four elements of a retaliation claim under Title VII. The City complains that there was insufficient evidence

3

submitted to the jury for it to find (1) that Plaintiff's exercise of his protected activity–the filing of his claim with the EEOC– was known by Defendant; (2) that Plaintiff suffered a material adverse action; or (3) a causal connection between Plaintiff's filing of the charge and the alleged retaliatory conduct.

After listening to three days of trial testimony from seven witnesses with accompanying exhibits, the Jury returned the following Interrogatory Answers and Verdict:

### INTERROGATORY NO. 1

Do you find by a preponderance of the evidence that Plaintiff has proven that an employee of Defendant City of Cleveland with managerial authority was aware of Plaintiff's EEOC charge filed in April 2012 prior to the alleged adverse action?__Yes_____(Insert in ink, "yes" or "no").

### INTERROGATORY NO. 2

Do you find by a preponderance of the evidence that Plaintiff has proved that a material adverse action was taken against Plaintiff by the City of Cleveland?__Yes_____(Insert in ink, "yes" or "no").

### INTERROGATORY NO. 3

Do you find by a preponderance of the evidence that Plaintiff has proved that the EEOC charge Plaintiff filed in April 2012 had a determinative effect on the City of Cleveland's decision to take the adverse action?__Yes_____(Insert in ink, "yes" or "no").

### VERDICT FOR PLAINTIFF
### AGAINST DEFENDANT

We the jury, being duly impaneled and sworn, find in this case in favor of the Plaintiff and against Defendant on Plaintiff's Retaliation claim and award damages as follows:

_$59,900_____ Compensatory Damages (insert in ink an amount between $0 and whatever you determine the evidence requires)

4

_____Nominal Damages (enter $1.00 if you find Plaintiff did
not prove an amount of compensatory damages)

Competent evidence was presented at trial by which the Jury reasonably found that a City employee with managerial authority was aware that Plaintiff filed his EEOC charge in April 2012 and that retaliatory action was taken against Plaintiff after filing his EEOC charge. Finally, there was evidence to support the jury finding of causation and to support its relatively modest award of compensatory damages. The Jury considered all of the evidence in this case and returned a verdict consistent with the law and the agreed upon jury instructions. Accordingly, the City's Motion for Judgment as a Matter of Law is denied.

2. The City's Motion for a New Trial

The City argues that it is entitled to a new trial on the retaliation claim because the jury was unduly prejudiced in hearing the many allegations against the City and the three former individual Defendants, "nearly all of which were dismissed by the Court prior to the case going to the jury for verdict." (ECF #75 at p.16) The only claim at issue in the trial from its beginning, and the only claim on which the Jury heard evidence, was Plaintiff's retaliation claim under Title VII and Ohio Rev. Code § 4112. While the Court dismissed the retaliation claim against the individual defendants pursuant to Defendants' Rule 50 Motion for Judgment as a Matter of Law after Plaintiff rested, the same evidence and testimony would have been needed to prove the retaliation claim against the City if the City had been the only defendant. Accordingly, the City suffered no prejudicial harm. After reviewing all of the proceedings as well as the Parties' post-trial briefs, the Court finds that there was substantial evidence in support of the Jury's verdict; the compensatory damages awarded by the Jury were not excessive; and that the verdict was not

against the weight of the evidence. As it is not clear that the jury "reached a seriously erroneous result," the City's Motion for a New trial is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Judgment as a Matter of Law or For a New Trial (ECF #75) is denied.

**IT IS SO ORDERED.**

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATE: June 15, 2018