# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| JEROME BARROW, | CASE NO. 1: 16 CV 923 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| | MEMORANDUM OPINION |
| THE CITY OF CLEVELAND, et al., | AND ORDER |
| Defendants. | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. The Report and Recommendation (ECF # 87) recommends that the Motion of Plaintiff for attorneys fees and costs (ECF #69) be granted and that the Motion of Defendants Martin Flask, Michael McGrath, and Patrick Stephens for attorneys fees (ECF #72) be denied. For the reasons set forth below, the Report and Recommendation is of Magistrate Judge Baughman is adopted.

## Procedural and Factual Background

Plaintiff Jerome Barrow filed this action against the City of Cleveland and three individual defendants asserting multiple discrimination claims under state and federal law. No motions to dismiss or for summary judgment were filed by any of the defendants and the case proceeded to trial.[1] After the Plaintiff rested his case, the Court granted Defendants' Rule 50

---

[1] Immediately prior to trial the Plaintiff abandoned his discrimination claims regarding promotion testing. On the first day of trial, Plaintiff admitted that his claims under Sections 1981 and 1983 were effectively time barred unless the Court recognized a continuing violation theory. The Court determined that the continuing violation theory did not apply here and the trial proceeded on Plaintiff's claim of retaliation under Title VII and state law against all of the defendants.

motion for judgment as a matter of law as to punitive damages and the claims against the individual defendants. The jury returned a verdict in favor of Plaintiff and against the City on Plaintiff's retaliation claim and awarded $59,900 in compensatory damages. Following entry of judgment, Plaintiff filed his motion for Costs and Attorneys Fees (ECF #69) seeking $107,569.53 in attorneys fees and costs in the amount of $4,266.15. Defendants also moved for attorneys fees and costs on the grounds that the individual defendants prevailed on the claims against them and Plaintiff only prevailed on one his claims. (ECF #72) The competing motions for attorneys fees and costs were referred to Magistrate Judge Baughman for a report and recommendation.

Magistrate Judge Baughman issued his Report and Recommendation on June 1, 2018 finding that Plaintiff was the prevailing party and, as such was, entitled to costs pursuant to Fed. R. Civ. P. 54(d). Further, he determined that Defendants did not raise any objections to the costs requested that would overcome the presumption in favor of awarding the fees and costs to Plaintiff. Magistrate Judge Baughman recommends that the Court award Plaintiff the $4,266.15 in fees and costs that he requested. Magistrate Judge Baughman analyzed Defendants' request for attorneys fees and costs under 42 U.S.C. § 1988 which permits the award of attorney fees and costs to prevailing parties in cases brought under certain civil rights statutes. Attorneys fees and costs may be awarded to prevailing defendants only if the Court finds that Plaintiff's claims are frivolous. *See Fox v. Vice*, 563 U.S. 826 (2011). In this case, Magistrate Judge Baughman determined that since a defendant may receive only the portion of his fees that he would not have paid but for the frivolous claim, the relevant inquiry is whether the costs would have been incurred in the absence of the frivolous allegations. *See Fox*, 563 U.S. at 838. After analyzing the

2

claims asserted in this case. Magistrate Baughman determined that evidence concerning discrimination and harassment had a bearing on the claim of retaliation. He noted the strong reasons to credit the view that the dismissed claims were not frivolously brought or unreasonably maintained, especially because the Defendants never filed a dispositive motion to remove any claim prior to trial and the jury verdict for Plaintiff on his retaliation claim, which shared a common core of facts with the dismissed claims. Consistent with the relevant standard outlined by the Supreme Court in *Fox*, Magistrate Judge Baughman recommends finding that there is an interrelationship between the dismissed charges and the claim that resulted in a favorable jury verdict and that Defendants have not shown entitlement to that portion of their costs or fees clearly and solely attributable to even what they assert to be frivolous claims. Accordingly, Magistrate Judge Baughman recommends that Plaintiff's Motion for Attorneys Fees and Costs be granted in its entirety and that Defendants' Motion for Attorney Fees and Costs be denied. Defendants have filed a timely objection to the Report and Recommendation.

## Discussion

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ.. P. 72(b), *Dacas Nursing Support Sys., Inc. v. NLRB*, 7 F.3d 511 (6th Cir. 1993). As Defendants have filed timely objections, this Court will review the Report and Recommendation *de novo*.

Defendants assert six general objections to the Report and Recommendation. First, Defendants complain that the Court granted Plaintiff's motion to file a sur-reply brief before

Defendants' time to object had expired. Defendants suffered no harm from the filing of Plaintiff's sur-reply. If Defendants really wanted to respond to the sur-reply they could have moved to file a sur-sur-reply, although none of the extra briefing was necessary. The sur-reply simply took issue with Defendants' characterization of the *Fox* case. As the Magistrate Judge and this Court are entirely capable of reading and interpreting *Fox* on their own, Defendants' first objection is meaningless.

Defendants' second objection complains that the Magistrate Judge did not treat the individual defendants separately or as prevailing parties and may seek to impose fees or costs on them. The Report and Recommendation adequately distinguishes between the City and the individual defendants. Moreover, the Judgment entered following the verdict clearly reflects that "all costs, including jury charges, are to be paid by Defendant City of Cleveland."(ECF #64) The Court will be sure to specify in this Order that any costs and attorney fees are to be assessed to and paid by the City of Cleveland, not the individual defendants.

Defendants third and fifth objections relate to concerns with the amount of attorneys fees and costs requested by Plaintiff and to which Magistrate Judge Baughman stated that Defendants made no objection. Magistrate Judge Baughman determined that the fees requested by Plaintiff were reasonable using the "lodestar" analysis. Defendants now state that they object to Plaintiff's attorney Avery Friedman's hourly rate as well as the number of hours charged by Mr. Friedman. Mr. Friedman requests payment for approximately 139 hours of his time over three years, at a rate starting at $772.50 per hour in 2016 to $795.68 per hour in 2018, which includes 1 hour for preparing the fee request. Mr. Friedman notes that he exercised business judgment to determine that 66 time entries were non-chargeable, representing 36% of the total time expended. As

4

Magistrate Judge Baughman explained, there appears to be no clear occasions of duplicative, irrelevant, or unexplained time charges. In comparison, Defendants sought recovery for approximately 533 hours of attorney time for preparing the same case. Mr. Friedman was much more efficient. While the billing rates for the City of Cleveland Law Department attorneys were much less than Mr. Friedman's rate –the two more senior lawyers were $300 per hour, one less experienced lawyer was $175 and one newly minted lawyer was $150 per hour–that does not make Mr. Friedman's rate unreasonable[2]. Mr Friedman is one of the preeminent civil rights lawyers in the Cleveland area and is a nationally known and recognized expert in the field of civil rights litigation. This Court has previously approved a rate for Mr. Friedman of $750 per hour in 2016 finding that Mr. Friedman has unquestionably earned his rate and "it is more than reasonable for an attorney of his stature in this field." *Lofton v. Hinton*, 1:15 CV 486, 2015 WL 4496214 (N.D. Ohio March 23, 2016) Defendants' argument that the rate approved by the Court in *Hinton* is not relevant here because *Hinton* was a housing case is misplaced. The field of civil rights litigation involves several federal statutes and areas of application. Mr. Friedman practices in all of them and has spent his long career learning and practicing in this broad area. As Defendants learned, he is effective. The Court finds that the rates requested by Mr. Friedman in this case are reasonable based upon his years of experience and expertise.

Defendants also object to Plaintiff's request for the costs of a deposition taken by

---

[2] Defendants' fifth objection states that it is improper for a Court to consider whether an attorney charges by the hour or is salaried when ruling on a motion for attorney's fees. While the Court has used the Defendants' counsels' billing rates submitted in their motion for fees as evidence in support of Defendants' contention that Mr. Friedman's billing rate is unreasonable, the Court has not considered or used the fact that defense counsel are salaried for any purpose.

Plaintiff of Defendant Patrick Stevens in St. Augustine Florida. Specifically, Defendants contend that the deposition could have been taken over the telephone or, if done in person in Florida, the Plaintiff should not have accompanied Mr. Friedman. The parties were required to take the deposition in Florida because Mr. Stevens, although a named defendant, apparently refused to appear in Cleveland for the deposition. Further, it was not unreasonable for the Plaintiff to attend the deposition because it may have been necessary to consult with the Plaintiff during the deposition regarding events and testimony. The costs requested for the Florida deposition are appropriate.

Finally, Defendants fourth and sixth objections pertain to the Magistrate Judge's finding that the allegedly frivolous claims are intertwined with the successful claim such that Defendants cannot be awarded attorneys fees or the fees awarded to Plaintiff reduced. Review of the law and the complaint in this action convince this Court that Magistrate Judge Baughman has correctly applied the relevant law to the facts in this case. Magistrate Judge Baughman correctly decided that Defendants were not entitled to attorneys fees and costs in this case[3]. Further, the Court is capable of making the determination of whether the allegedly frivolous claims and the successful claim share a common core of operative facts such that the majority of time spent defending the

---

[3] Under the Supreme Court's decision in the *Fox* case, a prevailing defendant in a civil rights action is not entitled to attorneys fees and costs under Section 1988 if the Court finds that the dismissed claims are not frivolous or if frivolous, the dismissed claims are indivisible from the claim on which the plaintiff prevailed. Here, Magistrate Judge Baughman found that the claims were indivisible, but did not explicitly say the dismissed claims were frivolous. Based upon the fact that Defendants failed to file either a motion to dismiss or for summary judgment on any of the claims and Plaintiff prevailed on a retaliation claim based upon reporting alleged discrimination, the Court finds that the dismissed discrimination claims were not frivolous.

dismissed claims is indivisible from the time spent defending the one meritorious claim on its own—without argument of counsel or cites to the record. Here both Magistrate Judge Baughman and this Court agree that the dismissed claims share a common core of operative facts with the successful retaliation claim. In these cases the prevailing defendant is not entitled to attorneys fees and costs.

## Conclusion

Based upon a *de novo* review of the motions and all related filings, the Report and Recommendation and Defendants' Objection, it is clear that Magistrate Judge Baughman's findings are correct and consistent with applicable law. As such, the Report and Recommendation is adopted. The Motion of Defendants Martin Flask, Michael McGrath, and Patrick Stephens for attorneys fees and Costs (ECF #72) is denied. Plaintiff's Motion for Attorneys Fees in the amount $107,569.53 of and Costs in the amount of $4,266.15 (ECF #69) is granted. All attorneys fees and costs are assessed only against the City of Cleveland and not the dismissed individual defendants.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: June 25, 2018