# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DIVISION OF OHIO
### EASTERN DISTRICT

| | | |
|---|---|---|
| JEROME BARROW, | ) | Case Number 1:16-cv-923 |
| Plaintiff, | ) | JUDGE DONALD NUGENT |
| | ) | **PLAINTIFF'S REMAND MOTION, MEMORANDUM AND EXHIBITS TO RECOVER COSTS UNDER 28 U.S.C. §1920 AND RULE 54(D)(1)-(2) AND FOR A REASONABLE ATTORNEY FEE UNDER 42 U.S.C. § 2000e-5(k)** |
| -vs- | ) | |
| | ) | |
| | ) | |
| | ) | |
| CITY OF CLEVELAND, et al., | ) | |
| Defendants. | ) | |

Jerome Barrow, the plaintiff, who prevailed in a Title VII jury action on February 2, 2018, entered as a judgment on February 7, 2018, on May 7, 2019 prevailed before the United States Court of Appeals for the 6th Circuit in its affirming the judgment. Mr. Barrow seeks recovery of his costs and a reasonable attorney fee.

Mr. Barrow's motion is made for good cause, is timely and for the reasons set forth in the accompanying memorandum and exhibits.

## I. TITLE VII PROVIDES FOR THE RECOVERY OF A REASONABLE ATTORNEY FEE IF A PLAINTIFF PREVAILS

Congress enacted Title VII of the 1964 Civil Rights Act to eliminate, *inter alia*, employment retaliation. Effective enforcement of the Act depends heavily upon

private plaintiffs. Recognizing that governmental resources are inadequate for effective public enforcement, S. Rep. No. 1011, 94th Cong., 2d Sess. 6 (1976), Congress provided an incentive for private enforcement. 42 U.S.C. §2000e-5(k). A provision of the Act allows federal courts to award a reasonable attorney fee to the prevailing party in a Title VII action. *Id.*

On June 25, 2018, this Court permitted the recovery of costs and a reasonable fee for work through the earlier part of 2018. Although the court of appeals ruled, 2-1, even the dissent rejected the City of Cleveland's argument[1] and joined the majority on recovery of costs and Barrow's entitlement to the attorney fee granted by this court.

## II. THE TIME DEVOTED ON BEHALF OF THE PREVAILING PLAINTIFF IN THE 6th CIRCUIT IS REASONABLE

### A. COSTS

Between July, 2018 through May, 2019, the costs sought to be recovered are $824.82, primarily the costs of travel and accommodations for arguments, and a reasonable fee. Exhibit 1, which accompanies this motion and memorandum, reflects those costs.

There are no billings for the miscellaneous costs of copies and other office-related expenses.

---

[1] The City of Cleveland chose not to argue its briefing on costs and fees during oral argument. All three appellate judges agreed with the propriety of Barrow's entitlement of costs and fees. Judge Kethledge commented from the bench that the expenditure of time was "efficient."

## B. **HOURLY RATE/HOURS**

For legal work done in early 2018, the court concluded that a reasonable hourly rate would be $795.69.

For legal work done in late 2018 and through 2019, counsel for Mr. Barrow seeks less that a 1% increase to $800.00.

While defendants had the benefit of a municipal law department and a professional staff over the term of litigation in the circuit, all of whom did a professional job in its unsuccessful defense, counsel for Mr. Barrow handled this matter alone with only a paralegal whose time was not charged.

## A. **The Policy Behind Fee Provisions in Civil Rights Litigation including 42 U.S.C. §20003-5(k)**

Congress sought to encourage the private bar to undertake federal civil rights cases. One dramatic expression of why this is reflective in the reality of handling federal civil rights cases:

> Lawyers must eat, so they generally won't take cases without a reasonable prospect of getting paid. Congress thus recognized that private enforcement of civil rights legislation relies on the availability of fee awards: 'If private citizens are to be able to assert their civil rights, and if those who violate the Nation's fundamental laws are not to proceed with impunity, then citizens must have the opportunity to recover what it cost them to vindicate these rights in court.' 534 F. 3d at 1111 (*quoting* S. Rep. No. 94-1011, at 2 (1976), as reprinted in 1976 U.S.C.C.A.N. 3908, 5910).

*Moreno* v. *City of Sacramento*, 534 F. 3d 1106 (9th Cir. 2008). Fee awards are "not designed to penalize defendants, but are rather to encourage injured individuals to

seek judicial relief. [F]ee awards should be the rule rather than the exception." *Teitelbaum* v. *Sorenson*, 648 F. 2d 1248, 1251 (9ᵗʰ Cir. 1981).

Here Mr. Barrow again seeks only the lodestar for work done before the circuit. *Riverside* v. *Rivera*, 477 U.S. 561, 578 (1986). Without overstating the need to have lawyers take cases in recognizing that a likely verdict will not be substantial, lawyers who handle civil rights cases serve as "private attorneys general," vindicating a policy that Congress considered of the highest priority." *Newman* v. *Piggie Park Enterprises*, 390 U.S. 400, 402 (1968).

## B. <u>The Breakdown of Hours is Reasonable</u>

There are 31 entries for tasks between July 17, 2018 and May 14, 2019. Counsel exercised business judgment and disregarded 13 entries or 42% of the total tasks as not chargeable. For the remaining 18 entries, there is nothing redundant, duplicative or unnecessary in time devoted with procedural issues, research and briefs and in readying for arguments before the appellate panel. In fact, only time preparing for argument *en route* was charged, not travel time. Exhibit 2 is the breakdown of time and tasks.

## C. <u>The Hourly Rate is Consistent With Prior Awards by This Court</u>

For appellate time, counsel for the prevailing appellee seeks $800.00 as a reasonable hourly rate, less than a 1% over the previously granted hourly rate of $795.68.

### III.   CONCLUSION

Mr. Barrow should be entitled to the recovery of a $39,800 reasonable fee for legal services in the second half of 2018 and the first half of 2019 for prevailing before the U.S. Court of Appeals for the 6th Circuit, along with the limited costs of $824.82 expended. Each task is identified by description and the time assigned is accurate and reasonable.

Respectfully submitted,

s/Avery Friedman
AVERY S. FRIEDMAN (0006103)
Friedman & Associates
701 The City Club Building
850 Euclid Avenue
Cleveland, OH 44114-3358
(216) 621-9292
FAX 621-9283
avery@lawfriedman.com

Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Avery S. Friedman, attorney for the plaintiff, hereby certify that a copy of the foregoing PLAINTIFF'S MOTION, MEMORANDUM AND EXHIBITS was served on counsel of record by electronic filing on this 13th day of May, 2019.

s/Avery Friedman
AVERY S. FRIEDMAN